# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| CASE NUMBER | 01 C 497 | DATE | 11/14/2001 |
| CASE TITLE | Jakob vs. International Paper | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's motion to compel and motion to strike [dkt. #7] are granted in part and denied in part for the reasons set forth in the attached order. For the same reasons, defendant's motion for a protective order [5-1] is granted in part and denied in part. Defendant's motion to strike plaintiffs' response to motion for protective order [6-1] is denied as moot. Status hearing set 1/16/02 at 9:00 a.m. to determine whether or not the parties are interested in participating in a settlement conference.

(11) ■ For further detail see order attached to the original minute order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 15 2001 date docketed | 16 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 11/14/2001 date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office 01 NOV 14 PM 2:22 | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICOLE JAKOB, | ) |
| Plaintiff, | ) |
| | ) 01 C 0497 |
| v. | ) |
| CHAMPION INTERNATIONAL CORP. and INTERNATIONAL PAPER Co. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

DOCKETED
NOV 1 5 2001

Michael T. Mason, United States Magistrate Judge:

Before us is a motion for protective order from defendant International Paper ("Int'l Paper"), seeking to bar employment discrimination plaintiff Nicole Jakob ("Jakob") from taking both a Fed.R.Civ.P. 30(b)(6) deposition as well as a deposition of defendant's outside counsel. Additionally, Jakob has filed a motion seeking to compel both of these depositions, as well as to compel various additional responses to discovery and a motion to strike several of defendant's answers to certain requests to admit. We will address each motion in turn.

Plaintiff claims that two of her supervisors, John Nicely and Charlie Matthews, retaliated against her by terminating her because she complained that one of them racially harassed her. At the time of the alleged incidents, Jakob worked for a predecessor of Int'l Paper (defendant Champion) which was subsequently acquired by the defendant around the same time Jakob was terminated. A year after the acquisition, Int'l Paper sold the plaintiff's former division to another company, and thus,

according to defendant, no one with actual knowledge of any of the events contained in the complaint works for Int'l Paper at this time. Plaintiff has not seriously disagreed with this contention.

With regard to the issue of the 30(b)(6) deposition, Jakob seeks to obtain Int'l Paper's corporate stance on the events that led to her termination. The 30(b)(6) notice contains seventeen separate areas of inquiry, some of which are as general as to seek information on defendant's responses to the complaint or information about plaintiff's performance in particular years. Fed.R.Civ.P. 30(b)(6) allows litigants to name a corporate entity as a deponent. The corporation has an obligation to designate a knowledgeable employee and fully prepare him or her to testify completely on behalf of the corporation. *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342 (N.D.Ill. 1995). Defendant argues that the plaintiff is merely seeking to depose its previous responses to her discovery requests and that such a deposition would implicate the attorney-client privilege, since it was several of defendant's outside attorneys who completed the discovery requests. *See SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082 (N.D.Ill. Jan. 24, 2000). The defendant additionally argues that such a deposition would be useless, since it no longer has any employees with personal knowledge of the case, and thus, its answers would merely mimic its discovery responses.

We agree with the plaintiff that she has the right to take a 30(b)(6) deposition of Int'l Paper, regardless of whether the company currently has any employees with actual knowledge of the events in the complaint. *See Canal Barge Co. v. Commonwealth Edison Company*, No. 98 C 0509, 2001 WL 817853 (N.D.Ill. July 19, 2001). We also

2

do not believe that such a deposition would necessarily implicate attorney-client issues, since most of her requests concern factual matters, and during oral argument, the defendant was able to identify several former employees who also helped complete the discovery requests. However, we agree with the defendant that the plaintiff should seek the depositions of her two former supervisors, (as well as possibly a former Human Resources director) prior to taking the corporate 30(b)(6) deposition of Int'l Paper.[1]

If the plaintiff wants to know the company's position on various actions by Nicely and Matthews as well as the other events complained about, it will be much more efficient for her to first create a record of those individuals' knowledge of the facts. Otherwise, we could imagine a scenario in which the plaintiff takes Int'l Paper's 30(b)(6) deposition (which its counsel testified would likely mimic most of its discovery responses), and then takes the depositions of the relevant actors, who provide much more detailed information about the events than the defendant was able to provide. In such a case, plaintiff might very well see the need for a second deposition of Int'l Paper in order to clarify its position on this new information. Thus, we order that the plaintiff should depose Nicely and Matthews before seeking to take a 30(b)(6) deposition of the

---

[1] At the request of the Court, the parties conferred regarding the identities and locations of former employees who may have personal knowledge in this case. Defendant has agreed to supplement its responses to interrogatories as well as its initial disclosures, and to use its best efforts to identify such employees and any knowledge they may have, as well as to provide the plaintiff with the last known addresses of such individuals. The Court notes, however, that defendant should have provided most of this information previously, as part of its original disclosure statements and responses to interrogatories, since counsel disclosed for the first time at oral argument that it obtained assistance in responding to plaintiff's discovery requests from at least three former employees of the company, including the two accused.

3

defendant.[2]

Plaintiff also moved to compel the deposition of one of Int'l Paper's outside attorneys because he had signed all of the discovery responses. We deny this motion as moot because of defendant's agreement to amend its initial responses and answers to interrogatories, and because we believe that plaintiff's other depositions (including a 30(b)(6) deposition if necessary), will adequately address all of the information she seeks.

Next, plaintiff moved to compel the defendant to produce two categories of documents related to complaints of discrimination, harassment and retaliation against her two managers specifically and against others in the company generally. As an initial matter, we note that plaintiff's original written requests for these documents, requests 6 and 8, are vague. However, the parties clarified their positions regarding various documents in open court, and thus we may issue an opinion. With regard to Nicely and Matthews specifically, the defendant is ordered to produce all documents related to company-documented complaints of harassment, discrimination or retaliation made by any employees who held positions inferior to them.[3] The time period for

---

[2] Defendant has indicated that it will make all reasonable efforts to help plaintiff find and contact any former employees with knowledgeable information, including, if necessary, hiring a private investigator to locate them. While we believe that the deposition of the HR director defendant consulted in answering the interrogatories may also be helpful and necessary to the plaintiff, we do not order her to complete this deposition prior to taking a 30(b)(6) deposition. However, we urge the parties to confer regarding the scope of any proposed corporate deposition – should the plaintiff decide she needs one – prior to returning to court, as we believe that some of the proposed areas of inquiry might be more suitable to additional written discovery to be propounded at a later date.

[3] Since plaintiff's complaint is limited to one count of retaliation by Nicely and
(continued...)

4

production should include the time from Nicely and Matthews' start of employment (sometime in 1999), until the time they left the company in January 2001.

We deny the plaintiff's request for any documents relating to other complaints of discrimination, harassment or retaliation at the company as not relevant to her case. Plaintiff's complaint concerns two individuals only, and her ability to argue that Int'l Paper broke the law with regard to her situation is irrelevant to the way that defendant may have handled other complaints of discrimination. This is not a class action, and plaintiff has consistently argued that her problems began only when Nicely became her supervisor. Thus, claims of discrimination, harassment or retaliation by other employees against other individuals are not relevant.

Finally, Jakob requests that Int'l Paper formally admit several of her requests to admit regarding her performance in 1997 and 1998, prior to when she worked for Nicely. Defendant argues that it has already made such admissions in its answer to the complaint, but that it should not be forced to do so again, since the performance reviews plaintiff mentions were completed by supervisors other than Nicely or Matthews and thus are not relevant (and could be wrongly used by the plaintiff to argue that her termination for poor performance was pretextual). We note that a determination of pretext is a legal one to be made by the court, and we can imagine a scenario in which the plaintiff's earlier performance reviews are relevant to her case. Considering the fact

---

[3](...continued)
Matthews, it would be overbroad to order the production of complaints made by the two men's peers or superiors, since presumably they would not be able to retaliate against such individuals. However, if any complaints of retaliation by peers or superiors exist, the Defendant is ordered to produce those as well.

5

that the defendant has already admitted to the plaintiff's contentions anyway, we order it to fully respond without objection to plaintiff's requests to admit Nos. 4, 5 and 6.

In summary, we grant the plaintiff's motion to take a 30(b)(6) deposition of the defendant, but only after she has taken the depositions of Nicely and Matthews (utilizing the assistance offered by Int'l Paper if necessary) and deny her motion to depose Int'l Paper's outside counsel. We partially grant her motion to compel and order the defendant to produce any documents relating to complaints of discrimination, harassment or retaliation by Nicely or Matthews against their subordinates during the entire period of their employment and deny plaintiff's requests for information relating to other complaints of discrimination and retaliation. Finally, we order the defendant to respond without objection to Jakob's request to admit Nos. 4, 5, and 6. It is so ordered.

Michael T. Mason
United States Magistrate Judge

Dated: November 14, 2001